
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 8 2019

CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSICA WARD, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-140-A |
| | § | (NO. 4:17-CR-157-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jessica Ward ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:17-CR-157-A, styled "United States of America v. Cameron Miles Baker, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 20, 2017, movant was named along with others in a one-count information charging her with conspiracy to possess with intent to distribute 50 grams of more of a mixture and substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. §§ 846. CR Doc.[1] 80. On October 3, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 104. Movant and counsel also signed a waiver of indictment. CR Doc. 103. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 239.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-157-A.

The probation officer prepared a PSR reflecting that movant's base offense level was 34. CR Doc. 115, ¶ 23. Movant received a two-level enhancement for maintaining a premises for distribution a controlled substance, id. ¶ 24, and a three-level enhancement for being a manager or supervisor, id. ¶ 26. Movant received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 30, 31. Based on a total offense level of 36 and a criminal history category of VI, movant's guideline range was 324 to 405 months. Id. ¶ 87. Movant filed objections to the PSR. CR Doc. 124. The probation officer prepared an addendum to the PSR, recalculating movant's base offense level as 32 and her guideline range as 262 to 327 months. CR Doc. 142. The addendum also noted that the government filed a motion for downward departure (CR Doc. 134) and that movant had provided information that would have subjected her to a two-level increase for presence of a firearm during a methamphetamine transaction had it been taken into account in preparation of the PSR. CR Doc. 142 at 3. (She would also have been accountable for a greater amount of methamphetamine, but it would not have affected her base offense level. Id.)

On February 6, 2018, movant was sentenced to a term of imprisonment of 200 months. CR Doc. 192. The court heard evidence in support of the government's motion for downward departure. CR

Doc. 240 at 5-11. Movant's attorney noted that the enhancements in the PSR, while "technically true," should be mitigated by the criminal history of movant's mother and of her common-law husband. Id. 12-13. The court noted movant's very serious criminal history and the fact that her offense level would have been higher based on her later disclosures, but sentenced her below the bottom of the guideline range. CR Doc. 240 at 15-17. Movant did not appeal.

II.

Grounds of the Motion

Movant urges three grounds in support of her motion. Doc.[2] 1. First, she says that her counsel was ineffective for failing to object to the enhancement for a drug-related premises. Id. at PageID[3] 32. Second, she says that her counsel was ineffective for failing to object to the manager/supervisor enhancement. Id. at PageID 33. And, third, she says that her counsel was ineffective for improperly advising her that objections to the PSR were reserved for technical errors only. Id. at PageID 35. In each instance, movant refers the court to her supporting memorandum, Doc. 4.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the printed page numbers on the document are not consecutive.

III.

Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant asserts in her first ground that the information in paragraph 10 of the PSR regarding use of her residence as a distribution place for drugs is inaccurate. Doc. 4 at 3-5. The motion itself, although purportedly verified, Doc. 1 at PageID 40, does not contain any facts to support this ground. And, the declaration of Annette Ward, movant's mother, attached to the memorandum does not contain evidence to support the ground either. That movant's mother did not identify movant in her proffer[4] as a person who conducted drug transactions at the home does not mean that such transactions did not occur. The PSR reflects that numerous drug transactions took place at the home movant shared with her mother and that her mother allowed movant

---

[4]The proffer to which movant refers is not submitted as evidence in support of the motion. But, for the reasons discussed, this ground would fail in any event.

7

to conduct drug transactions there in exchange for drugs. See, e.g., CR Doc. 115, ¶¶ 7, 10, 16. The information upon which the probation officer relied came from a number of reliable sources. Id. ¶ 6. As movant admits, she and her mother "lived together and sold drugs together." Doc. 4 at 7. Further, movant introduced participants in the drug transactions to each other at their home. Id. at 4. The bar for "primary or principal use" for the enhancement to apply is not high. United States v. Rodriguez, 707 F. App'x 224, 227 (5th Cir. 2017). Here, the record reflects that drug transactions at the place movant resided took place on a frequent, not merely an isolated, basis.

Movant next alleges that her attorney should have objected to the three-level enhancement for being a manager or supervisor in criminal activity involving five or more participants. Again, the allegation is not supported. The declaration of movant's mother contains little more than conclusory allegations. Again, movant admits that she "became a middleman" between participants and "all drug transactions were handled through" her.[5] Doc. 4 at 4. The record supports application of the enhancement. See United States v. Sierra, 228 F. App'x 467, 468 (5th Cir. 2007).

---

[5]To the extent that movant argues that she did not manage or supervise her mother, the only conclusion to be reached is that both should have received enhancements for being organizers or leaders.

Finally, movant contends that her attorney was ineffective for improperly advising her that objections to the PSR were reserved for technical errors only. Doc. 1 at PageID 35. There is no evidence to support this ground. And, in fact, the record reflects that counsel well understood the nature of objections as movant received the benefit of objections he filed. See CR Doc. 142. Moreover, at sentencing, counsel acknowledged that it was "technically true" that the enhancements applied, the court should consider movant's family background in determining her sentence. CR Doc. 240 at 13. Any objection to the enhancements would have been frivolous and counsel cannot have been ineffective for failing to urge such an objection. See Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997). Had such an objection been made, movant could well have lost acceptance of responsibility.

The court additionally notes that it awarded movant a significant downward departure and there is no reason to believe that it would have imposed a lower sentence even had the enhancements not been applied.

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 8, 2019.

_____
JOHN McBRYDE
United States District Judge